J-A18006-22

2023 PA SUPER 41

| | | |
|---|---|---|
| DANIEL GARCIA, INDIVIDUALLY AND BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : : | |
| v. | : : | |
| AMERICAN EAGLE OUTFITTERS, INC., CARTER'S INC., CHICO'S FAS, INC., EXPRESS, INC., GABRIEL BROTHERS, INC., GENESCO INC., HOT TOPIC, INC., J. CREW GROUP, INC., KOHL'S CORPORATION, TAPESTRY, INC., THE GAP, INC., VERA BRADLEY, INC. | : : : : : : : : : : | |
| Appellants | : : | No. 1320 WDA 2021 |

Appeal from the Order Dated July 14, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-20-011057

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

CONCURRING OPINION BY McLAUGHLIN, J:        **FILED: MARCH 14, 2023**

In ***Feeney v. Dell Inc.***, 908 N.E.2d 753 (Mass. 2009), the Massachusetts Supreme Judicial Court considered a similar issue regarding Massachusetts' consumer protection statute. There, retailers argued that the erroneous collection of sales tax "falls outside 'the conduct of trade or commerce' as those terms are used in" the statute. ***Id.*** at 769. The Massachusetts statute uses terms identical in all material ways to Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL")

and prohibits "unfair or deceptive practices in the conduct of any trade or commerce." *Id.* at 770 (quoting Mass. Gen. Laws ch. 93A, § 2).

Like the majority here, the Massachusetts Supreme Judicial Court in *Feeney* concluded that the allegations there did not fall within the scope of the statute. It did, however, identify a fact pattern that it concluded would compel a different result:

> Of course, if a retailer deceptively collects a charge that the retailer terms a "sales tax" and keeps the proceeds of the "tax" for the retailer's own enrichment rather than remit them to the Commonwealth, a different result would obtain. In such a circumstance, the collection of the "tax" would be motivated by business reasons, not by a legislative mandate, and would constitute a "deceptive practice" under G.L. c. 93A. There is no such allegation here.

*Id.* at 771 n.37.

I join the majority on the understanding that it addresses the allegations of the complaint in our case and expresses no opinion on whether a case such as the Massachusetts court identified would be actionable under the UTPCPL.

Judge Stabile and Judge Murray join the concurring opinion.